## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LIBERTI VANDIEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-02199-JAR-TJJ** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES,** | ) | |
| **LLC and NCB MANAGEMENT** | ) | |
| **SERVICES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT, NCB MANAGEMENT SERVICES, INC.'S,
### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, NCB Management Services, Inc. ("NCB"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Liberti Vandiest ("Plaintiff"), and states:

### INTRODUCTION

1.      NCB admits Plaintiff filed this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, but denies any violations, liability, damages or wrongdoing under the law. Except as specifically admitted, NCB denies the allegations in ¶ 1.

### PARTIES

2.      NCB admits Plaintiff is a natural person. Except as specifically admitted, NCB denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein.

3.      NCB denies the allegations in ¶ 3 as calling for a legal conclusion.

4.      NCB denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5.      NCB denies the allegations in ¶ 5 as calling for a legal conclusion.

6.      NCB admits NCB admits it is a corporation and part of its business includes the purchase of obligations owed by individuals. Except as expressly admitted, NCB denies the allegations in ¶ 6.

7.      NCB admits it maintains a business address in Trevose, Pennsylvania. Except as expressly admitted, NCB denies the allegations in ¶ 7.

8.      NCB denies the allegations in ¶ 8 as calling for a legal conclusion.

## JURISDICTION AND VENUE

9.      NCB denies the allegations in ¶ 9.

10.     NCB denies the allegations in ¶ 10.

## BACKGROUND AND FACTUAL ALLEGATIONS

11.     NCB denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12.     NCB denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13.     NCB admits it purchased an account in Plaintiff's name from Rise Credit of Kansas, LLC d/b/a Rise. Except as expressly admitted, NCB denies the allegations in ¶ 13.

14.     NCB denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15.     NCB denies the remaining allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16.     NCB denies the remaining allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17.     NCB denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18.     NCB denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19.     NCB denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20.     NCB denies the allegations in ¶ 20.

21.     NCB denies the allegations in ¶ 21.

22.     NCB denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23.     NCB denies the allegations in ¶ 23.

24.     NCB denies the allegations in ¶ 24.

25.     NCB denies the allegations in ¶ 25 as calling for a legal conclusion.

26.     NCB denies the allegations in ¶ 26 as calling for a legal conclusion.

27.     NCB denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28.     NCB denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29.   NCB denies the allegations in ¶ 29.

30.   NCB denies the allegations in ¶ 30.

31.   NCB denies the allegations in ¶ 31.

32.   NCB denies the allegations in ¶ 32.

33.   NCB denies the allegations in ¶ 33.

34.   NCB denies the allegations in ¶ 34.

35.   NCB denies the allegations in ¶ 35.

36.   NCB denies the allegations in ¶ 36.

37.   NCB denies the allegations in ¶ 37.

38.   NCB denies the allegations in ¶ 38.

## **FIRST CLAIM FOR RELIEF**

### **Negligent and Willful Violations of 15 U.S.C. § 1681i(a) and e(b) by Equifax**

39.   NCB reasserts the foregoing as if fully stated herein.

40.   The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 40 state otherwise, denied.

41.   The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 41 state otherwise, denied.

42.   NCB denies the allegations in ¶ 42 as calling for a legal conclusion.

43.   The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 43 state otherwise, denied.

44.   The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 44 state otherwise, denied.

45.     The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 45 state otherwise, denied.

46.     The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 46 state otherwise, denied.

### Equifax's Reasonable Reinvestigation Violations

47.     NCB denies the allegations in ¶ 47.

48.     NCB denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49.     The allegations in ¶ 49 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief therein.

50.     The allegations in ¶ 50 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.

51.     The allegations in ¶ 51 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief therein.

52.     The allegations in ¶ 52 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein.

53.     The allegations in ¶ 53 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief therein.

54.     The allegations in ¶ 54 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 54 for lack of knowledge or information sufficient to form a belief therein.

### Equifax's Failure To Follow Reasonable Procedures To Assure Maximum Possible Accuracy

55.     The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 55 state otherwise, denied.

56.     The allegations in ¶ 56 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

57.     The allegations in ¶ 57 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58.     The allegations in ¶ 58 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 58 for lack of knowledge or information sufficient to form a belief therein.

59.     The allegations in ¶ 59 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 59 for lack of knowledge or information sufficient to form a belief therein.

60.     The allegations in ¶ 60 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 60 for lack of knowledge or information sufficient to form a belief therein.

61.     The allegations in ¶ 61 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 61 for lack of knowledge or information sufficient to form a belief therein.

62.     The allegations in ¶ 62 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 62 for lack of knowledge or information sufficient to form a belief therein.

63.     The allegations in ¶ 63 are not directed towards NCB. To the extent a response is required, NCB denies the allegations in ¶ 63 for lack of knowledge or information sufficient to form a belief therein.

## SECOND CLAIM FOR RELIEF

### Negligent and Willful Violations of 15 U.S.C. § 1681s-*2* by NCB

67.     [sic] NCB reasserts the foregoing as if fully stated herein.

68.     NCB denies the allegations in ¶ 68 as calling for a legal conclusion.

69.     The FCRA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 69 state otherwise, denied.

70.     NCB denies the allegations in ¶ 70.

71.     NCB denies the allegations in ¶ 71.

72.     NCB denies the allegations in ¶ 72.

73.     NCB denies the allegations in ¶ 73.

74.     NCB denies the allegations in ¶ 74.

75.     NCB denies the allegations in ¶ 75.

76.     NCB denies the allegations in ¶ 76.

77.     NCB denies the allegations in ¶ 77.

### NCB'S AFFIRMATIVE DEFENSES

1.      Upon information and belief, this Court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the Line of Credit related to the debt at issue.  Therefore, the Complaint should be dismissed, and Plaintiff should be compelled to arbitrate this matter.

2.      To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3.      NCB denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of NCB's purported violations.

4.      One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5.      Assuming that Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

6.      Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than NCB and were beyond the control or supervision of NCB or for whom NCB was and is not responsible or liable.

7.      Part or all of Plaintiff's claims are barred by 15 U.S.C. § 1681h(e).

8.    Part or all of Plaintiff's claims are barred because the fault of the Plaintiff is equal to or greater than the alleged fault of NCB.

9.    Part or all of Plaintiff's claims are barred by Plaintiff's contributory negligence in failing to submit complete and accurate information to the CRAs regarding her alleged dispute.

10.    Part or all of Plaintiff's claims are barred in accordance with 15 U.S.C. § 1681m(c) by NCB's reasonable procedures to ensure compliance with the FCRA.

11.    Part or all of Plaintiff's claims are barred due to Plaintiff's failure to comply with the provisions of 15 U.S.C. § 1681s-2(a)(8)(D) in the alleged dispute at issue.

WHEREFORE, Defendant, NCB Management Services, Inc., respectfully requests the Court dismiss this action with prejudice, award NCB Management Services, Inc. its attorney's fees and costs pursuant to 15 U.S.C. § 1681o, and grant it any other relief the Court deems appropriate.

Respectfully Submitted,

/s/ *Paul M. Croker*
Paul M. Croker # 57000
Katherine E. Horn # 79168
ARMSTRONG TEASDALE, LLP
2345 Grand Blvd., Suite 1500
Kansas City, Missouri 64108-2617
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
Email: pcroker@atllp.com
Email: khorn@atllp.com

*Attorneys for Defendant,*
*NCB Management Services, Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of Kansas and served on all parties and counsel of record via CM/ECF.

/s/ *Paul M. Croker*
Paul M. Croker